# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1267

Dana Myers,                                        Appellant,

V.

Anthony J. Principi,
Secretary of Veterans Affairs,                     Appellee.


Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

On February 8, 2002, the panel heard oral argument in this case. Based on questions posed during oral argument to counsel for the Secretary, the panel decided at oral argument to require supplemental briefing on the following questions regarding whether the appellant's April 1959 letter (Record (R.) at 56) constituted an application for review on appeal under 38 U.S.C. § 4005 (1958):

(1) Under law and regulation then and now in effect, could the appellant lawfully have requested that his claim be reopened during the one-year period within which to file an application for review on appeal (now a Notice of Disagreement) with a Veterans' Administration (VA) (now Department of Veterans Affairs) regional office (RO)?

(2) Under law and regulation then and now in effect, would a claimant have the right to present additional evidence on a claim, and have that evidence considered as part of the original claim, where the additional evidence was presented within one year after the date of notice of an RO denial of the claim?

(3) Under law and regulation then in effect, to what extent was VA obliged to construe liberally towards a claimant law and regulation as well as papers submitted by the claimant (*cf.* 38 C.F.R. § 3.103(a) (2001) (setting forth "obligation of VA to . . . render a decision which grants every benefit that can be supported in law while protecting the interests of the Government"))?

(4) If the Secretary is contesting that the appellant's April 1959 letter does not fulfill the conditions of 38 U.S.C. § 4005(e) (1958), then what is the legislative history (copies must be attached) that the Secretary seeks to submit to help explain the use of the word "should" in section 4005(e)?

(5) In the May 2, 1958, letter to the appellant from the San Diego, California, VARO, what is the statutory or regulatory basis for the reference to his using "VA Form 1-9" for the purpose of appealing the RO decision (R. at 49)?

In responding to the above questions, the parties should cite all law and regulation and provide copies (unless the other party has already done so) of those provisions cited that are not currently in effect. As indicated at oral argument, no extension of time will be granted to either party for filing a supplemental brief pursuant to this order.

On consideration of the foregoing, it is

ORDERED that, not later than March 11, 2002, the Secretary file, and serve on the appellant, a response to this order that addresses each of the above five questions. It is further

ORDERED that, not later than 30 days after service of the Secretary's supplemental brief, the appellant may file, and serve on the Secretary, a response. Should the appellant choose not to file a response, the Court asks the appellant to inform the Court of that intent as soon as possible.

DATED:        February 12, 2002                PER CURIAM.